UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT WALTERS, an individual, and
TERRY THORP, an individual,

        Plaintiffs,

        v.

SUPERIOR TANK LINES NORTHWEST
DIVISION, LLC, a foreign limited liability
company,

        Defendant.

Case No. C19-0191RSL

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

This matter comes before the Court on defendant's "Motion to Dismiss." Dkt. #7. For the following reasons, defendant's motion is GRANTED.

## **INTRODUCTION**

Plaintiffs Robert Walters and Terry Thorp were employed as truck drivers by defendant Superior Tank Lines prior to their terminations in 2018. Dkt. #1-2 at ¶¶ 2.1–2.2. Plaintiffs allege that defendant wrongfully terminated them in retaliation for questioning defendant's paid time off policies. Id. at ¶ 3.3. Plaintiffs also claim that they are entitled to safety bonuses per defendant's bonus program policy. Id. at ¶ 3.6. Plaintiffs were terminated before the payout date and never received the bonuses. Id. at ¶ 2.11. Plaintiffs allege that these bonuses are "wages" under Washington law, and defendant willfully withheld them in violation of RCW 49.52.050.

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 1

Id. at ¶ 3.9; Dkt. #11 at 4–5. Defendant seeks dismissal only of the willful withholding of wages claim pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. #7.

## **DISCUSSION**

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, matters of public record, and documents whose contents are alleged in the complaint and whose authenticity is not challenged. Northstar Fin. Advisors Inc. v. Schwab Invs., 779 F.3d 1036, 1042–43 (9th Cir. 2015). Because the Quarterly Bonus Program agreement forms the basis of plaintiffs' claim for willful withholding of wages, it has been considered in ruling on defendant's motion.[1] Dkt. #8-1. After reviewing the complaint, the motions, and this document, the Court finds as follows:

A district court must dismiss a claim if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court presumes all well-pleaded allegations to be true and draws all reasonable inferences in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144–45 (9th Cir. 2013). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The facts must allow the Court "to infer more than the mere possibility of misconduct." Id. at 679. Dismissal is

---

[1] The Court has not considered the Declaration of Kacey Fallert (Dkt. #8) as it does not fall within one of the categories listed and is not integral to plaintiffs' Complaint.

appropriate if plaintiffs' Complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim. Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015).

**A. Safety Bonuses as Wages**

The threshold question before the Court is whether the safety bonuses at issue are wages within the meaning of RCW 49.52.050. In making this determination, this Court looks to the definition of a wage under RCW 49.46. Kalmanovitz v. Standen, No. 14-CV-1224-RSL, 2015 WL 9273611, at *4 (W.D. Wash. Dec. 21, 2015). That statute defines "wage" as "compensation due to an employee as a result of employment." RCW 49.46.010(7). Generally, payments that are related to employment and are not discretionary will qualify as wages. See LaCoursiere v. CamWest Dev., Inc., 181 Wn.2d 723, 742–44 (2014) (concluding that payments that are due and owing to an employee "by reason of employment" are wages and distinguishing that from a merely discretionary bonus).

Here, defendant's Quarterly Bonus Program expressly made payment of the safety bonuses mandatory upon the meeting of certain criteria. Dkt. #8-1 at 2. As plaintiffs indicate, the agreement states that defendant "will" pay the bonus to drivers meeting the requirements and lays out the amount and conditions precedent to receiving the bonus. Id.; Dkt. #11 at 5. Safe driving bonuses are clearly related to employment as a driver. See Kalmanovitz, 2015 WL 9273611, at *5 (stating that "by reason of employment" does not require a payment to be "tied to the number of hours worked or the results obtained"). However, the express terms of the bonus agreement indicate that employees "must be employed at the time of pay out to receive any part or portion of [the] Bonus." Dkt. #8-1 at 2. Accordingly, plaintiffs did not earn the bonuses because they did not fully satisfy the conditions precedent to doing so. See Hvidtfeldt v. Sitrion Sys. Americas, Inc., 190 Wn. App. 1031 (2015) (finding that plaintiffs were not entitled to bonuses by looking to the express terms of the agreement requiring employment at time of pay out).

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 3

### B. Willful Withholding of Wages Claim

Even if the unpaid bonuses could be considered earned wages, plaintiffs' claim fails on another ground. Plaintiffs allege that, despite their terminations, they were entitled to receive the safety bonuses for their final pay periods. Dkt. #1-2 at 3. Plaintiffs claim that defendant wrongfully and willfully withheld those bonuses in violation of RCW 49.52.050. Under Washington law, employers must not "[w]illfully and with intent to deprive [an] employee of any part of his or her wages . . . pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050. Failure to pay is "willful when it is the result of a knowing and intentional action and not the result of a bona fide dispute." Garrison v. Merch. & Gould, P.C., No. 09-CV-1728-JPD, 2011 WL 887749, at *10 (W.D. Wash. Mar. 10, 2011) (quoting Lillig v. Becton–Dickinson, 105 Wash.2d 653, 659, 717 P.2d 1371 (1986)).

Here, plaintiffs do not assert any facts to establish willfulness. Plaintiffs rely on insufficient, conclusory allegations to establish their wages claim. Plaintiffs claim that "STL knowingly refused to pay Plaintiffs their safety bonuses for their final pay periods." Dkt. #1-2 at ¶ 3.7. Plaintiffs also assert that they "did not authorize STL to withhold their safety bonuses" and, therefore, defendant willfully withheld wages that caused plaintiffs' alleged damages. Id. at ¶¶ 3.8–3.9. These assertions are merely formulaic recitations of the elements of a willful withholding of wages claim. Without any specific factual allegations in support of these assertions, plaintiffs have not established plausibility.

### C. Leave to Amend

Dismissal without leave to amend is improper unless it is "clear" that "the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 736 (9th Cir. 2009). In their Response to defendant's Motion to Dismiss, plaintiffs allege that their termination was motivated in part by defendant's desire to avoid paying their safety bonuses. Dkt. #11 at 3. Plaintiffs raised these allegations for the first time in their Response and, therefore, they may only be considered by the Court to determine whether to grant leave to

amend. See Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137–38 (9th Cir. 2001).

As asserted in their Complaint, plaintiffs have not presented any facts concerning defendant's motive for termination. See Kubik v. Intrexon, Inc., No. C11-0972 JCC, 2011 WL 13232587, at *2 (W.D. Wash. Sept. 22, 2011) (dismissing failure to pay wages claim with leave to amend where plaintiff alleged he was wrongfully discharged to avoid paying incentive compensation but did not "present[] a single fact to support" that account). Without more, the allegations cannot survive a motion to dismiss. Nonetheless, it is not entirely clear that the claim cannot be saved by amendment. See Kubik, 2011 WL 13232587, at *2; Neisendorf v. Levi Strauss & Co., 143 Cal. App. 4th 509, 524 (2006) (holding that plaintiff was not entitled to a bonus when plaintiff was fired before pay out but declining to opine on whether the result would be the same if plaintiff was wrongfully discharged or terminated in bad faith). If plaintiffs believe they can, consistent with their Rule 11 obligations, amend the complaint to remedy the pleading and legal deficiencies identified above, they may file a motion to amend and attach a proposed pleading for the Court's consideration.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff may file a motion to amend his complaint, consistent with LCR 15, within fourteen days of this order.

Dated this 30th day of April, 2019.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS - 5