# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROBERT WALTERS, an individual, and TERRY THORP, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR TANK LINES NORTHWEST DIVISION, LLC, a foreign limited liability company, <br><br> Defendant. | Case No. C19-0191RSL <br><br> ORDER DENYING MOTION TO AMEND COMPLAINT |

This matter comes before the Court on plaintiffs' "Motion to Amend Complaint." Dkt. # 22. For the following reasons, plaintiff's motion is DENIED.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." There is, therefore, a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). A proposed amendment will be rejected as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Combs v. Lehman, No. C08-5063

ORDER DENYING
MOTION TO AMEND - 1

RJB/KLS, 2010 WL 1537289, at *1 (W.D. Wash. Apr. 15, 2010) citing Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Futility of amendment, standing alone, can justify the denial of a motion to amend. U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

Defendant Superior Tank Lines argues that the proposed amendment should be denied as futile because the new complaint does not remedy the factual and legal deficiencies the Court noted in the original complaint, which the Court dismissed for two separate reasons. The Court finds that plaintiffs' proposed amended complaint does not state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

First, the Court found in its Order Granting Defendant's Motion to Dismiss that plaintiffs failed to meet all the conditions precedent that would entitle them to the safety bonuses. This failure means that defendant was not obligated to make the payments to plaintiffs and thus the payments cannot be considered wages as defined under RCW 49.46.010(7). Plaintiffs' statement in its amended complaint that "plaintiffs satisfied all of the safety bonus requirements in the quarter prior to their terminations" is not supported by any new facts that change the undisputed allegation that plaintiffs' employment was terminated before the payout date for the safety bonuses. Dkt. # 1-2 at ¶ 2.11; Dkt. # 22-1 at ¶ 2.11.

Second, plaintiffs add no facts to the proposed amended complaint to create a plausible inference that defendant's conduct was "willful." The revisions are simply conclusory allegations and mere recitals of the elements that would support a claim. Ashcroft v. Iqbal, 556

ORDER DENYING
MOTION TO AMEND - 2

U.S. 662, 679 (2009). Thus plaintiffs' revised complaint fails to provide sufficient facts to support a claim that survives under the 12(b)(6) standard.

For all the foregoing reasons, plaintiffs' proposed amendment is futile and the motion to amend is hereby DENIED.

Dated this 12th day of July, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO AMEND - 3