UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT WALTERS, *et al.*,

    Plaintiffs,

v.

SUPERIOR TANK LINES NORTHWEST DIVISION, LLC,

    Defendant.

NO. C19-0191RSL

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on "Plaintiffs' Motion to Compel Discovery." Dkt. # 30. Plaintiffs allege that they were wrongfully terminated for complaining that defendant's revised leave policy violated state law. Defendant denies that its policy violated Washington law and maintains that plaintiffs were terminated because other employees complained that they were disrupting the workplace. Plaintiffs have identified a former co-worker, James Davis, as a comparator.

**A. Paid Time Off ("PTO") Policies**

Defendant has already produced its PTO policies from January 1, 2015, to the date of plaintiffs' termination. It objects to producing any policies it may or may not have adopted since the date of termination, however, arguing that they are not relevant to any claim or defense in

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 1

this litigation. Relevance is not the issue: post-incident remedial measures can be extremely relevant to whether defendant's pre-incident conduct was deficient. Such evidence is deemed inadmissible to show culpable conduct despite its relevance so as not to dissuade defendants from taking steps to avoid future incidents. Fed. R. Ev. 407. Evidence of subsequent remedial measures is, however, admissible for certain purposes, such as impeachment. In this case, defendant maintains that its pre-termination PTO policy complied with state law. If the policies were altered post-termination to bring them into compliance, they may be admissible for impeachment purposes. Defendant shall produce its post-termination PTO policies.

Defendant further objects to plaintiffs' request for draft PTO policies on the ground that "any draft policies are protected from disclosure by the attorney-client privilege and work product doctrine." Dkt. # 32 at 7. This assertion is wholly unsupported, and the Court will not assume that the drafts reveal a request for or the provision of legal advice or were created in anticipation of litigation. Defendant has waived its claims of privilege and shall produce its draft PTO policies from January 1, 2015, to the present.

**B. Personnel Files of Ray Auger, Richard Castro, and Ronald Harpster**

The complaints to which defendant was allegedly responding when it terminated plaintiffs' employment have been produced. Plaintiffs demand production of the complaining employees' entire personnel files on the grounds that they may contain evidence showing that the complainants were biased against plaintiffs and/or that defendant engineered the complaints in some way. Plaintiffs offer no evidence giving rise to an inference of bias or bad faith. The Court finds that rank speculation does not outweigh the non-parties' interests in preserving the confidentiality of the information contained in their personnel files. Plaintiffs' motion to compel

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 2

is denied as to these files.

**C. Personnel File of James Davis**

The parties apparently agree that Davis and plaintiffs are similarly situated except that plaintiffs were terminated and Davis was not. If a review of Davis' personnel file shows that the distinguishing characteristic was that his disruption of the workplace did not involve complaints regarding defendant's wage policies while plaintiffs' did, the evidence would tend to show that plaintiffs' complaints were a motivating factor for the termination decision. Defendant shall produce Davis' personnel file.

Defendant's undue burden argument is unpersuasive. The fact that Davis' personnel file contains 333 pages does not show that it would be difficult or particularly time-consuming to redact confidential information from the forms which likely make up a majority of the file. If Davis' file is extraordinary in a way that is not evident from the existing record, defendant should confer with plaintiffs in an effort to reach agreement on extending the Protective Order to cover these documents and/or file a motion to amend the Protective Order.

For all of the foregoing reasons, plaintiffs' motion to compel is GRANTED in part and DENIED in part. Both parties were substantially justified in this dispute, and the Court declines to award fees.

Dated this 6th day of February, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO COMPEL - 3