UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY THORP,[1]

Plaintiff,

v.

SUPERIOR TANK LINES NORTHWEST DIVISION, LLC,

Defendant.

CASE NO. 2:19-cv-00191-RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTIONS IN LIMINE

This matter comes before the Court on "Plaintiff's Motions *in Limine*." Dkt. # 46. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

**1. Gun Possession**

Plaintiff seeks to exclude any evidence of or reference to plaintiff's possession of a gun while working for defendant, arguing that he never brought the gun to the workplace except when requested to by a supervisor, it played no role in his termination, it is

[1] Following submission of these motions in limine, plaintiff Robert Walters settled his claims and was dismissed from the lawsuit. Terry Thorp is the only remaining plaintiff.

[2] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

impermissible character evidence under Fed. R. Ev. 404(a)(1), and it would be unfairly prejudicial under Fed. R. Ev. 403. The Court agrees. There is no indication that Thorp ever threatened his co-workers with a gun or that his ownership of a gun was in any way connected to defendant's decision to terminate his employment.

Where possession of a gun is not an element of a cause of action or defense and it played no part in the underlying dispute, the presentation of evidence regarding the weapon serves no purpose other than to indicate that the owner is a bad or violent person. *See Moody v. U.S.*, 376 F.2d 525, 532 (9th Cir. 1967) ("The presence of the loaded revolver could only be regarded by the jury as indicating that the appellant was a bad man engaged in a criminal enterprise, who might shoot anybody who attempted to frustrate the illegal importation of heroin, although in the circumstances of this case the presence of the loaded gun was not relevant to any matter which the jury was called upon to decide."). Evidence that Thorp owned a gun is both irrelevant and unduly prejudicial in the circumstances presented here. While defendant may, of course, recount at trial the co-worker's statement that he did not think Thorp would "come with a gun and start shooting people," but that he could "see him maybe almost getting physical" (Dkt. # 47 at 178) , this comparative hypothetical does not suggest that the co-worker knew that Thorp had a gun and does not justify the admission of that fact. [3] Plaintiff's first motion in limine is GRANTED.

[3] Defendant further argues that it should be permitted to offer testimony that plaintiff's co-workers felt intimidated or threatened by Thorp because he carried a gun. Dkt. # 54 at 2. No such evidence or testimony is identified, however. Based on the current record, the evidence of gun possession is inadmissible.

**2. Prior Criminal Charge**

In 2009, Thorp was charged with assault with a deadly weapon and/or brandishing a firearm. The charge was dismissed in 2011. The parties agree that evidence regarding the charge is inadmissible unless Thorp opens the door by introducing potentially misleading testimony. *U.S. v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). If defendant believes that has occurred, it shall raise the matter with the Court outside the presence of the jury prior to examining any witness regarding the charge. Plaintiff's second motion in limine is GRANTED.

**3. Conversations at Third-Party Loading Facilities**

Defendant intends to offer evidence that Thorp conversed with other truck drivers at third-party loading facilities and that these conversations were intimidating or disrupting. There is no indication that defendant terminated Thorp's employment because of conduct that occurred outside the workplace, making this evidence irrelevant to the issues in this case. Absent some connection between the conduct and the termination – such as evidence that the "other truck drivers" to whom Thorp communicated complained about the conversations to Superior Tank Lines and/or that Superior Tank Lines considered the communications as violations of its "Disruption of the Workplace" policy – the evidence is inadmissible. Plaintiff's third motion in limine is GRANTED.

**4. Post-Termination Writings**

Plaintiff seeks to exclude out-of-court written statements by defendant's employees or former employees that post-date his termination and did not play a role in defendant's

termination decision. With one exception, the statements attached to the Declaration of Sara Kincaid as Exhibit 5 (Dkt. # 47 at 177-86) are clearly hearsay: they are out-of-court assertions offered for the truth of the matters asserted therein. While defendant may examine the employees and former employees about the contents of their recorded recollections at trial, the statements will not be admitted unless plaintiff offers them. Fed. R. Ev. 612 and 803(5).

The one exception is the transcript of Mr. Auger's voicemail from April 14, 2018. Dkt. # 47 at 178 and 185-86. That out-of-court statement is admissible because it is offered to show what information was considered by defendant when making the decision to termination Thorp's employment, as opposed to the literal truth of Mr. Auger's assertions. Plaintiff's fourth motion in limine is GRANTED in part and DENIED in part.

For all of the foregoing reasons, plaintiffs' motions in limine are GRANTED in part and DENIED in part.

Dated this 27th day of February, 2023.

Robert S. Lasnik
United States District Judge