1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY THORP,[1]

             Plaintiff,

    v.

SUPERIOR TANK LINES NORTHWEST
DIVISION, LLC,

            Defendant.

CASE NO. 2:19-cv-00191-RSL

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN
LIMINE

      This matter comes before the Court on "Defendant's Motions *in Limine*." Dkt. # 49.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the

Court finds as follows:

### 1. Comparator Violation of Workplace Policies

      Plaintiff has evidence that an employee, Abel Garcia, brought a gun to work on the

day plaintiff was terminated, that the office manager's wife, Leah Van Osdol, was aware

of that fact at the time, and that when co-worker Michael Sheaffer reported the incident to

---

[1] Following submission of these motions in limine, plaintiff Robert Walters settled his claims and was dismissed from the lawsuit. Terry Thorp is the only remaining plaintiff.

[2] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER GRANTING IN PART DEFENDANT'S MOTIONS
IN LIMINE - 1

defendant a few days later, no disciplinary action was taken. Defendant seeks to exclude the evidence because neither Mr. Garcia nor Ms. Van Osdol were managers, they were not involved in the decision to terminate plaintiff's employment, and defendant did not learn of the incident until after plaintiff was terminated so there could be no causal connection between the two.[3] Plaintiff is not offering the evidence to show that Mr. Garcia's gun possession motivated plaintiff's termination, but rather that defendant's justification for why it terminated plaintiff – for alleged violations of the disruption in the workplace policy -- was a mere pretext where other, arguably more blatant violations of the policy did not result in termination.

Defendant argues that the evidence is nevertheless irrelevant because the situation was too different from that involving plaintiff, that its introduction would necessitate a mini trial to determine what defendant knew about the incident, when it knew it, and what it did about it, that the evidence would likely confuse or mislead the jury, and that plaintiff should not be permitted to portray defendant in a negative light. The objections are overruled. Mr. Garcia's possession of an unholstered gun on his person while working on vehicles discomfited at least one other employee, giving rise to a complaint similar to the one that resulted in plaintiff's termination. Ms. Van Osdol and Mr. Garcia are both identified as witnesses in this matter: they can testify whether they were terminated or otherwise disciplined as a result of the incident. While defendant will have to rebut the

---

[3] Defendant abandons its hearsay objection in reply, but the objection may be renewed at trial depending on how plaintiff attempts to present this evidence.

ORDER GRANTING IN PART DEFENDANT'S MOTIONS
IN LIMINE - 2

inference that it treated plaintiff differently, requiring it to do so is not unduly prejudicial and is not likely to cause confusion or mislead the jury. Defendant's first motion in limine is DENIED.

### 2. Other Comparator Evidence

Defendant seeks to preclude plaintiff from testifying that other drivers were treated badly by defendant, including details regarding terminations, disciplinary actions, and complaints to the Department of Labor & Industries. Defendant argues that the evidence is not based on plaintiff's personal knowledge, is irrelevant, constitutes hearsay, and is improper character evidence. No specific statement or testimony is identified, making it impossible to evaluate the context in and purpose for which this evidence might be offered, its relevance to the issues in this case, the applicability of potential hearsay exceptions, and/or whether the testimony constitutes admissible lay opinions. Plaintiff must, of course, have personal knowledge of the things to which he will testify. He will generally not be permitted to testify about what a non-managerial co-worker told him or to speculate regarding defendant's motivations when responding to workplace conduct. But an exclusionary ruling is not warranted on the current record. This matter is taken under advisement.

### 3. Criticism of the North West Regional Manager, Mark Van Osdol

Defendant seeks to preclude Brian Smalley, a co-worker of plaintiff's, from testifying that Mr. Van Osdol was a "bad manager" and providing examples of inconsistent treatment, failure to follow company policies, and indiscretions. It argues that the evidence

ORDER GRANTING IN PART DEFENDANT'S MOTIONS
IN LIMINE - 3

will require mini-trials on each disputed incident, that it is irrelevant to the question of whether plaintiff was terminated in retaliation for exercising a legal right, that it is inadmissible character evidence, that it is improper lay opinion testimony, and that any probative value is outweighed by the danger of prejudice to defendant, confusion of the jury, and undue delay.[4] Plaintiff intends to offer this testimony in support of his argument that Mr. Van Osdol rarely enforced rules and harbored resentments against those who questioned his or defendant's authority, throwing doubt on defendant's assertion that it fired plaintiff because of rule violations and not because he questioned defendant's practices. The Court declines to determine the admissibility of this evidence without additional information regarding the context in which it will be offered, Mr. Smalley's personal knowledge regarding the events to which he will testify, and the relationship between the conduct of which Mr. Smalley complains and defendant's motives in terminating plaintiff's employment. This matter is taken under advisement.

### 4. Loss of Safety Bonus

In April 2019, the Court dismissed plaintiff's claim that defendant willfully withheld wages in violation of RCW 49.52.050. The Court found that because plaintiff's employment was terminated before the payout date for the bonus, plaintiff was not contractually entitled to the funds and there was no withholding of wages under the statute. Dkt. # 21. There is, therefore, no violation of RCW 49.52.050 at issue in this case. Plaintiff

---

[4] In its reply memorandum, defendant asserts that Mr. Van Osdol was not involved in the decision to terminate plaintiff's employment. Plaintiff had no opportunity to respond to this argument, and the evidence submitted shows that Mr. Van Osdol was the one who informed plaintiff that he was being fired. Dkt. # 59-2 at 3.

ORDER GRANTING IN PART DEFENDANT'S MOTIONS
IN LIMINE - 4

may nevertheless claim the lost safety bonus as part of his compensatory damages for the alleged wrongful termination. The fact that defendant intends to challenge the elements of plaintiff's damage claim does not make the evidence inadmissible. Defendant's fourth motion in limine is DENIED.

### 5. Other Lawsuits Against Defendant

Michael Sheaffer, the individual who was concerned that Mr. Garcia had an unholstered gun in the workplace as discussed in the first motion in limine, filed a lawsuit against defendant arising out of the incident. Plaintiff apparently intends to refer to that lawsuit to show that defendant retaliated against Mr. Sheaffer for reporting issues with company policies and making complaints to government agencies, just as plaintiff alleges happened to him. But Mr. Sheaffer's wrongful termination claim was dismissed with prejudice on the pleadings, and his allegations regarding what Mr. Garcia, Ms. Van Osdol, and/or defendant did were never litigated. *Sheaffer v. Superior Tank Lines Nw. Div.*, No. 2:19-cv-00190-BJR, Dkt. # 24 (W.D. Wash. June 13, 2019). Plaintiff cannot offer unproven allegations in a complaint for the truth of the matters asserted: he must call Mr. Sheaffer to the stand if he wants to tell his story. (Even if Mr. Sheaffer testifies, it is not clear that there would be any reason for him to mention the filing of a lawsuit.) Defendant's fifth motion in limine is GRANTED.

**6. Lost Wage Damages Spreadsheet**[5]

Plaintiff has clarified that the spreadsheet at issue is a demonstrative exhibit that will not be offered into evidence. The admissibility of any other document will have to be determined at trial. Defendant's sixth motion in limine is DENIED.

**7. Post-Termination Communications and Actions**

Defendant seeks to exclude a letter written by co-worker Robert Walters on April 23, 2018, in which he recounted events from the initial roll-out of defendant's new paid-time-off policy to his termination,[6] a post-termination email string strategizing about how to prevent plaintiff from taking drivers with him to his new employer, and a June 2018 revision to the paid-time-off policy and employee handbook.

Mr. Walters' letter is hearsay. If Mr. Walters testifies at trial, plaintiff may be able to show that the hearsay exception for recorded recollections applies, but that will have to be determined at trial.

Defendant's internal email communications do not include any statements regarding why plaintiff was fired and deal exclusively with events as they unfolded after the termination. While the communications show animus toward plaintiff, there is no indication that the animus arose from his complaints regarding the paid-time-off policy as opposed to an interpersonal conflict or his allegedly deleterious impacts on defendant's

---

[5] The Court, like plaintiff, assumes that defendant objects to the Lost Wage Damages Spreadsheet not because it appears in the pretrial statement, but because it was not produced in discovery despite request.

[6] Mr. Walters and plaintiff were terminated on the same day, apparently for the same reason.

workforce. Because the email string does not tend to prove or disprove the veracity of defendant's justification for plaintiff's termination, its introduction would result in the need for additional testimony and witnesses addressing irrelevant matters, cause undue delay, and risk confusing the jury. Any modicum of probative value is outweighed by the ill-will and prejudice the evidence is likely to engender. Defendant's motion to exclude the post-termination email string is GRANTED.

With regards to defendant's post-termination revisions to the paid-time-off policy and employee handbook, plaintiff argues that they will be offered for impeachment purposes and to demonstrate the "feasibility of the precautionary measures" as permitted under Fed. R. Ev. 407. Rule 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove" "culpable conduct" or "a defect in a product or its design." However, "the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." There is no indication that defendant has taken the position that changing its paid-time-off policy was not feasible. Whether the changes are admissible for impeachment purposes will have to be determined at trial. On the present record, defendant's motion to exclude the post-termination policy revisions is GRANTED.

### 8. Out-of-Court Statements by the Department of Labor and Industries

The parties agree that the Department of Labor and Industries' out-of-court statements are inadmissible. The eighth, agreed motion in limine is therefore GRANTED.

Whether plaintiff is entitled to a jury instruction that it was unlawful for defendant to require drivers to use 12 hours of their leave at a time is a separate issue that will be determined as the jury instructions are developed.

For all of the foregoing reasons, defendant's motions in limine are GRANTED in part and DENIED in part.

Dated this 21st day of April, 2023.

Robert S. Lasnik
United States District Judge